Louis Liggio, Respondent, *v.* Third Avenue Railway Company, Appellant, Impleaded with James Quirk, Defendant.

First Department, June 15, 1928.

*Addison B. Scoville* of counsel [*Victor McQuistion* with him on the brief; *Alfred T. Davison*, attorney], for the appellant.

*Fannie Horovitz*, for the respondent.

McAvoy, J. The action was brought to recover damages for personal injuries sustained by the plaintiff while a passenger in a taxicab of the defendant James Quirk which was struck by a trolley car operated by the defendant Third Avenue Railway Company on the 19th day of July, 1925.

At the close of the trial counsel for the defendant railway company made the following request to charge: " Mr. O'Neill: I ask your Honor to finally charge the jury, if they find this accident happened substantially as testified to by the motorman and the witnesses called for the defendant Railroad Company, their verdict should be for the defendant Railroad Company. The Court: Any objection to that? Mrs. Horovitz: No. I was not going to make any request. Mr. Gehhardt: I take exception to that request

on the ground that it is too indefinite. The Court: Gentlemen of the jury, I will leave you to determine then whether or not, under all the circumstances in the case, the operator of the railroad car exercised reasonable care. Mr. O'Neill: I except to the qualification and the refusal to charge as requested."

We think the learned trial court erred in its refusal to charge the jury that if they found the accident happened substantially as testified to by the motorman and witnesses called by the defendant railway company, their verdict should be for the defendant railway company.

The plaintiff was required to prove negligence on the part of the defendant railway company. He attempted to do this by showing that the trolley car of the defendant railway company struck the rear of the taxicab in which he was driving after the taxicab had been on the street car tracks for some time, and as it was about to leave these tracks. If the jury believed that the accident happened in the manner contended by the plaintiff, they would have been justified in finding the defendant railway company negligent.

The evidence of defendant railway company's witnesses was in effect that the accident occurred when the taxicab driver attempted to cut in front of the street car when there was not sufficient room for him to do so, and the motorman of the street car was unable to stop his car in time to avoid the accident.

Where the collision occurred between street crossings, the street car had the right of way over its tracks. If the accident did happen as the defendant railway company's witnesses testified, the testimony of whom was all substantially in accord, there was no negligence on the defendant railway company's part, and there could be no possible inference of negligence drawn by the jury from such testimony. The request by counsel for the defendant railway company was a proper request for the court to charge, and since it involved the very issue of that defendant's negligence, it was prejudicial to its rights to have the request refused.

The judgment against defendant Third Avenue Railway Company should be reversed and the action severed and a new trial ordered as to said defendant, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, FINCH and O'MALLEY, JJ., concur.

Judgment reversed as to the defendant Third Avenue Railway Company, and the action severed and a new trial ordered as to said defendant, with costs to the appellant to abide the event.